IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOHN B. KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:12cv00110 |
| v. | ) | |
| | ) | |
| DEAN WITHERS, et al., | ) | By:  Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's motion for reconsideration (Dkt. # 19).  For the reasons set forth below, plaintiff's motion is **GRANTED** and this matter is referred back to the magistrate judge for further consideration.

### I.

Plaintiff John B. Kimble ("Kimble"), who is proceeding pro se, filed his complaint in this case on October 11, 2012, alleging that defendants wrongfully denied access to funds held in accounts at F & M Bank for his mother, Kay J. Kimble.  Kimble asserts that he "was made cosigner on the checking account that Kay J. Kimble opened and was subsequently given legal power of attorney in financial matters regarding Kay J. Kimble."  Dkt. # 1.  Kimble's complaint alleges three counts – negligence/gross negligence, breach of contract, and common law fraud and conspiracy.  Kimble asserts that defendants' actions resulted in the death of his mother on October 6, 2010 because she could not afford adequate medical care as she was denied access to her funds, and Kimble claims he has been damaged as a result.

Defendants filed a motion to dismiss, and, in his response to that motion, Kimble asserted that he was bringing this action on behalf of his mother's estate as its administrator.  He

requested the court correct a "typographical error" and caption the case as "John B. Kimble, on behalf of the Estate of Kay J. Kimble v. Dean Withers, et al." Dkt. # 11.  The motion to dismiss was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties appeared for a hearing held on January 8, 2013.  By Order entered the same date, the magistrate judge ordered plaintiff to secure counsel of record and file any amended complaint by January 31, 2013.  The magistrate judge warned that failure to comply with the deadline may result in dismissal of the complaint.

Kimble did not comply with the January 31st deadline and on February 5, 2013, the magistrate judge filed a report and recommendation recommending that this matter be dismissed for failure to prosecute, noting pro se litigants can only file claims personal to them.  Kimble filed an objection to the report, claiming he was not able to find counsel to take the case, he could not afford to retain counsel, and he is entitled to represent himself or, alternatively, "the Court can on its own initiative appoint counsel if needed in this matter." Dkt. # 17.  By Order dated April 9, 2013, the court adopted the magistrate judge's report and recommendation and dismissed Kimble's case for failure to prosecute, noting plaintiff cannot maintain this action pro se on behalf of his mother's estate if the estate has creditors or beneficiaries.  See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).  On April 17, 2013, Kimble filed a motion for reconsideration, which is now before the court.

## II.

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure.  See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983).  Pursuant to the Federal

Rules, a party can move for a new trial or to alter or amend a judgment pursuant to Rule 59, or move for relief from a judgment or order pursuant to Rule 60. The Fourth Circuit has held that courts should construe a post-judgment motion for reconsideration filed within 28 days of the entry of judgment as a motion to alter or amend a judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."[1]); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4). A motion that is filed later is construed as a Rule 60(b) motion for relief from judgment or order. In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992); Ambling Mmgt. Co., 2010 WL 457508, at *1 n.3. Because Kimble filed his motion for reconsideration within 28 days of the court's order adopting the report and recommendation and dismissing the case, it will be construed as a motion to alter judgment pursuant to Rule 59(e).

Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three grounds for doing so: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Kimble does not offer new evidence, nor does he cite to a change in controlling law. However, one assertion Kimble makes in his motion gives the court some pause as to whether the court's judgment might equate to a clear error of law or work manifest injustice.

---

[1] Post-CODESCO, Rule 59(e) was amended to allow 28 days to file such a motion.

In his motion to reconsider, Kimble states: "the court should look at this case as Plaintiff John Kimble acting on his own behalf and for his own benefit because the small estate that Kay J. Kimble had in Maryland had no assets to go into probate and other than the funds that Kay J. Kimble had at the defendants' bank, had no assets to speak of at the time of here [sic] death other than the clothes upon her person." Dkt. # 19.  It is unclear to the court whether Kimble is suggesting a) that he has alleged claims on behalf of himself individually against defendants and is no longer asserting that he is bringing his claims on behalf of his mother's estate; or b) whether he is asserting that he can represent his mother's estate pro se because the estate has no creditors or beneficiaries, because it has no assets.

"A document filed pro se is 'to be liberally construed . . . .'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Liberally construing Kimble's motion for reconsideration, the court the court finds that justice would be served by referring this matter back to the magistrate judge for further consideration.  This case was dismissed for plaintiff's failure to prosecute based on the fact that he sought to maintain this action as administrator of his mother's estate and failed to obtain counsel as directed.  He now suggests he may be able to maintain this action pro se because he either has alleged claims on behalf of himself individually[2] and/or because his mother's estate does not have creditors or beneficiaries.  As such, out of an abundance of caution, the court will refer this matter back to the magistrate judge.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge is instructed to conduct any hearings, including evidentiary hearings, as necessary and to submit proposed findings of fact and recommendations for disposition as to whether plaintiff is able to maintain

---

[2] Indeed, notwithstanding his earlier request to correct a "typographical error" and change the caption of this case to "John B. Kimble, on behalf of the Estate of Kay J. Kimble," plaintiff brings this complaint in his own name and the case remains captioned in his name only.

4

this action pro se and if so, whether his complaint states a claim for which relief can be granted, in light of the arguments raised by defendants in their motion to dismiss.

An appropriate Order will be entered.

                Entered: May 23, 2013

                */s/ Michael F. Urbanski*

                Michael F. Urbanski
                United States District Judge