**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **JOHN B. KIMBLE,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:12cv00110 |
| v. | ) | |
| | ) | |
| **DEAN WITHERS, et al.,** | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the court for review of the second report and recommendation issued by the magistrate judge in this case (Dkt. # 27). Plaintiff has filed objections to the report. For the reasons set forth below, the court adopts the magistrate judge's recommendation and dismisses plaintiff's claims.

**I.**

Plaintiff John B. Kimble ("Kimble"), who is proceeding pro se, filed his complaint in this case on October 11, 2012, alleging that defendants wrongfully denied access to funds held in accounts at F & M Bank for his mother, Kay J. Kimble. Kimble asserts that because defendants denied his mother access to her funds, she could not afford adequate medical care, resulting in her death on October 6, 2010. Kimble brings causes of action for negligence/gross negligence, breach of contract, and common law fraud and conspiracy.[1]

Defendants filed a motion to dismiss on November 27, 2012. In his response to that motion, Kimble asserted that he was bringing this action on behalf of his mother's estate as its administrator. The motion to dismiss was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties appeared before the magistrate judge for a hearing held on

---
[1] As noted infra, Kimble now asks the court to construe his complaint as asserting a wrongful death claim.

January 8, 2013. By Order entered the same date, the magistrate judge ordered plaintiff to secure counsel of record and file any amended complaint by January 31, 2013. Kimble failed to comply with the January 31st deadline. On February 5, 2013, the magistrate judge filed a report and recommendation recommending that this matter be dismissed for failure to prosecute, noting pro se litigants can only file claims personal to them. Kimble filed an objection to the report, claiming he was not able to find counsel to take the case, he could not afford to retain counsel, and he is entitled to represent himself or, alternatively, "the Court can on its own initiative appoint counsel if needed in this matter." Dkt. # 17. By Order dated April 9, 2013, the court adopted the magistrate judge's report and recommendation and dismissed Kimble's case for failure to prosecute, noting plaintiff cannot maintain this action pro se on behalf of his mother's estate if the estate has creditors or beneficiaries. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).

On April 17, 2013, Kimble filed a motion for reconsideration, which the court construed as a motion to alter judgment pursuant to Rule 59(e). In his motion, Kimble suggested that he may in fact be able to maintain this action pro se because he either has alleged claims on behalf of himself individually and/or because his mother's estate does not have creditors or beneficiaries. Given Kimble's representations, and out of an abundance of caution, the court vacated its April 9th Order dismissing the case for failure to prosecute and referred this matter back to the magistrate judge for further consideration, with instructions to conduct any hearings, including evidentiary hearings, as necessary, and to submit proposed findings of fact and recommendations for disposition as to whether plaintiff is able to maintain this action pro se and if so, whether his complaint states a claim for which relief can be granted.

The magistrate judge held a second hearing on July 2, 2013. By agreement of the parties, the court considered testimonial evidence outside of the pleadings and thus converted defendants' motion to dismiss into a motion for summary judgment. Following the hearing, defendants submitted additional exhibits, which consist of account signature cards, a copy of a June 2, 2009 durable power of attorney, and correspondence between the bank and Kimble and the bank and Kimble's mother. The magistrate judge issued a second report and recommendation on September 11, 2013, recommending that the court grant defendants' motion and dismiss Kimble's claims. Kimble filed objections to the report pursuant to Rule 72(b).

**II.**

The facts of this case, as recited in the magistrate judge's report[2] and as contained in the evidence of record, are as follows. Kay J. Kimble was the owner of a checking account and three certificates of deposit at F&M Bank. The CDs permitted premature withdrawal with a penalty. Each CD was payable on death to plaintiff and his brother. See Dkt. # 26-1. Kimble was not a signatory on the CDs but was an authorized signer on the checking account. See Dkt. # 26-1, 26-2. A power of attorney had been on file with the bank but was cancelled in writing in October 2008.[3]

In April 2010, the bank received a fax purporting to be from Kay Kimble requesting a transfer of funds. There was no original signature documenting the request. See Dkt. # 26-4 at 27. In response, the bank sent Kay Kimble a withdrawal slip for signature and noted someone would be calling her to verify the transaction. See Dkt. # 26-4 at 28. The slip was returned and signed; however, the signature did not match the signature on file for Kay Kimble.

---

[2] The facts set forth in the magistrate judge's second report and recommendation come primarily from the July 2, 2013 testimony of Neil Hayslett, a 17 year veteran with F&M Bank.

[3] Indeed, in various correspondence to the bank dated August 2007 through May 2009, Kay Kimble repeatedly asserted that she had granted power of attorney to no one, see Dkt. # 26-4 at 7, 10, 17, 18, 19, 21, 24, and urged the bank not to withdraw funds from any of her accounts, fearing she was the victim of identity theft, see e.g., id. at 24.

On April 16, 2010, the bank received a faxed copy of a power of attorney dated June 2, 2009, naming plaintiff as attorney-in-fact. This power of attorney, however, does not contain an original signature from Kay Kimble. Nor was it notarized. See Dkt. # 26-3. Accordingly, the bank declined to honor the request for funds. In a letter to plaintiff dated April 16, 2010, Darlene Sites wrote on behalf of the bank:

> John,
>
> I received the fax today concerning the Power of Attorney naming you as Attorney-in-Fact for your mother. However, we must have the original form with Kay's signature and it must be notarized.
>
> Considering the circumstances, I will not be able to make the withdrawal as she has requested until I speak with her in person. Please ask her to call me or furnish a number where I can reach her.

Dkt. # 26-4, at 29.[4]

In August 2010, Kimble wrote Darlene Sites requesting a status update, stating he had "mailed the signed power of attorney back a few months ago." He requested a transfer of $6,000 into Kay Kimble's account. Darlene Sites responded by letter dated August 12, 2010:

> John,
>
> I do have the Power of Attorney form on file. On the advice of counsel I had asked you to consider being named conservator for your mother and I was waiting to hear from you on that.
>
> However, after talking with our attorney, he has said that we can use the new power of attorney form if Kay will sign the certification of Power of Attorney that I am including with this fax. We are requesting that the form be notarized and that Kay sign in her own hand writing.
>
> Return the signed and notarized form to me by mail and I will then make the transfer of funds to Kay's account.

---

[4] The court notes that this document is not written on bank letterhead and does not contain a signature from Darlene Sites.

Dkt. # 25-4 at 32. The referenced "Certification of Power of Attorney" form, which was to be signed by Kay Kimble and notarized, confirmed that "the Power of Attorney dated April 22, 2010 and naming John Bradford Kimble as [Kay Kimble's] true and lawful attorney-in-fact is indeed valid."[5] Dkt. # 26-4 at 33. In September 2010, Kimble wrote Darlene Sites stating:

> [M]y attorney . . . wants three thousand dollars just to start a conservatorship of [Kay Kimble] and he wants five hundred dollars just to attempt to come down and try to get her to sign the power of attorney in front of him. I was thinking of having you return the second power of attorney which was signed by her so I could get a judge to view the document and see if I can get some sort of reprieve that way.

Dkt. # 26-4 at 35. Later, Kimble faxed a document to Darlene Sites asking for copies of the original powers of attorney from June of 2009 and 2010 because he "[couldn't] find the copy of the last original copy [he] had on premises." A handwritten note on this document states "Rtn original to John 11-1-10." Dkt. # 26-4 at 36. Neither a April 22, 2010 power of attorney, nor a signed version of the "Certification of Power of Attorney" included with Darlene Sites' August 12, 2010 letter to Kimble appear in the record. The bank previously had been alerted to potential fraud attempts on the account. See Dkt. # 26-4.

The court has carefully reviewed the evidence in this case, along with the magistrate judge's second report and recommendation and Kimble's objections to that report, and concludes that Kimble's claims must be dismissed for the following reasons.

**III.**

Kimble has not raised any individual claims in this case. Nor is he a party to any contract that could give rise to an individual claim against defendants, as he had no signature authority

---

[5] According to the magistrate judge's report, Hayslett testified on cross examination that the signature on this April 22, 2010 power of attorney was compared to the signature on the CDs and the signatures were found to be "similar" but with "discrepancies." See Dkt. # 27 at 5.

over the certificates of deposit at issue. Rather, Kimble's claims plainly are brought on behalf of his mother's estate. As the court previously noted in its April 9, 2013 Order, Dkt. # 18, a pro se litigant can only represent his own interests. Kimble cannot maintain this action pro se on behalf of his mother's estate, which appears from the evidence to have at least one creditor and one other beneficiary. Dkt. # 17-2, 26-1, 26-4; see Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (administrator of estate cannot proceed pro se in federal court when estate has other beneficiaries or creditors); see also Brewster v. Wells Fargo Bank, N.A., No. 11-1232-JDB-egb, 2012 WL 4024749, at *2, 2 n.4 (W.D. Tenn. Sept. 12, 2012); Kenney v. Floyd, No. 10-cv-181-PB, 2010 WL 1994896, at *1-2 (D.N.H. May 18, 2010).

In his objection to the second report and recommendation, Kimble asks the court to construe this case as a wrongful death action. He has no authority to bring such an action in a federal court sitting in Virginia, however, as he has not demonstrated that he has qualified in Virginia as administrator of Kay Kimble's estate. See Schieszler v. Ferrum College, 236 F. Supp. 2d 602, 613 (W.D. Va. 2002) (citing McDaniel v. North Carolina Pulp Co., 198 Va. 612, 615, 95 S.E.2d 201 (1956) and Holt v. Middlebrook, 214 F.2d 187, 190 (4th Cir. 1954)). And even if he were to qualify in Virginia as administrator, he could not maintain this action pro se. Kone v. Wilson, 272 Va. 59, 62-63, 630 S.E.2d 744, 746 (2006) (Virginia wrongful death statute permits a personal representative to maintain an action on behalf of decedent's beneficiaries, not maintain a cause of action personal to himself; thus, personal representative is not entitled to file wrongful death action pro se).

Kimble has had ample time to retain counsel in this case. He filed his complaint over one year ago, in October 2012. By Order dated January 8, 2013, Kimble was given until January 31, 2013 to secure counsel of record and warned that failure to comply with this deadline may result

in dismissal of his case. Kimble did not comply with the deadline and his case was dismissed by Order entered April 9, 2013. This Order explicitly stated that Kimble could not maintain this action pro se. Out of an abundance of caution, given representations made in Kimble's motion for reconsideration, the court referred this matter back to the magistrate judge for the sole purpose of determining whether Kimble could proceed pro se under the circumstances of this case. Since then, Kimble has neither demonstrated to the court that he can proceed pro se nor made any effort to secure counsel of record. The time for retaining counsel has long since passed.[6]

### IV.

For these reasons, the court adopts the magistrate judge's recommendation that this matter be dismissed from the active docket of the court.

An appropriate Order will be entered.

Entered: November 21, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[6] As a final note, there is no evidence in the record to support Kimble's claim that the bank was obligated to transfer funds from Kay Kimble's certificates of deposit to her checking account. Kimble has not established that his mother requested such a transfer in person, over the phone, or by virtue of a written request bearing an original signature. Nor has he established that any such request was made through a valid power of attorney. There is no power of attorney in the record bearing Kay Kimble's original signature and, in fact, there are numerous letters to the bank from Kay Kimble indicating she had not given power of attorney to anyone. See footnote 2, supra.