IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOHN B. KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:12cv00110 |
| v. | ) | |
| | ) | |
| DEAN WITHERS, et al., | ) | By:  Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff John B. Kimble, who is proceeding pro se, asks the court once again to reconsider its ruling dismissing his case. For the reasons set forth below, plaintiff's second motion for reconsideration (Dkt. # 35) is **DENIED**.

**I.**

In his complaint, Kimble claims that defendants wrongfully denied access to funds held in accounts at F & M Bank for his mother, Kay J. Kimble. He claims that his mother died as a result of defendants' actions, because she was unable to afford adequate medical care. Defendants moved to dismiss this action. Kimble asserted in his response that he was bringing this claim on behalf of his mother's estate as its administrator, and he asked that the case be restyled as such. Following a hearing on the motion to dismiss, the magistrate judge ordered Kimble to secure counsel and amend his complaint. When Kimble failed to do so by the stated deadline, the magistrate judge filed a report recommending this matter be dismissed for failure to prosecute, as pro se litigants can only file claims personal to them. The court adopted the magistrate judge's report and recommendation over Kimble's objection and dismissed his case for failure to prosecute, noting that plaintiff cannot maintain this action pro se on behalf of his

mother's estate if the estate has creditors or other beneficiaries. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).

Kimble moved for reconsideration, indicating that he may in fact be able to maintain this action pro se because he either has alleged claims on behalf of himself individually and/or because his mother's estate does not have creditors or other beneficiaries. Out of an abundance of caution, the court vacated its dismissal order and referred this matter back to the magistrate judge for further consideration. The magistrate judge held a second hearing on July 2, 2013. By agreement of the parties, the magistrate judge considered testimonial and documentary evidence outside of the pleadings and construed defendants' motion as a motion for summary judgment. In a second report and recommendation, the magistrate judge recommended once again that the court dismiss plaintiff's claim. Kimble again filed objections to the report. Finding Kimble had not raised any individual claims and could not maintain an action on behalf of his mother's estate pro se, the court adopted the magistrate judge's recommendation and dismissed Kimble's case by Memorandum Opinion and Order entered November 21, 2013. Kimble now moves for reconsideration of the November 21st dismissal order, which the court will construe as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]

---

[1] Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). The Fourth Circuit has held that courts should construe a post-judgment motion for reconsideration filed within 28 days of the entry of judgment as a motion to alter or amend a judgment pursuant to Rule 59(e). Because Kimble filed his motion for reconsideration within 28 days of the court's order adopting the report and recommendation and dismissing the case, it will be construed as a motion to alter judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.").

**II.**

Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three grounds for doing so: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Kimble does not offer new evidence, nor does he cite to a change in controlling law. Rather, Kimble reasserts previously raised arguments, presumably in an effort to show relief is warranted to prevent manifest injustice. Specifically, Kimble argues:

> [T]he court should look at this case as Plaintiff John Kimble acting on his own behalf and for his own benefit because the small estate that Kay J. Kimble had in Maryland had no assets to go into probate and other than the funds that Kay J. Kimble had at the defendants' bank, had no assets to speak of at the time of here [sic] death other than the clothes upon her person. The only claim placed against the Estate of Kay Kimble was a non secured credit card for gasoline that cannot be verified to even show that the debt would be valid against the Estate so that the Plaintiff representing the estate should be legal and then this could have been added to the Complaint with interlineations to show the respective additions.

Mot. for Reconsideration, Dkt. # 35, at 2.

As the court stated in its November 21, 2013 Memorandum Opinion, Kimble has not raised any individual claims in this case; all of his claims are plainly brought on behalf of his mother's estate. Kimble cannot maintain this action pro se on behalf of his mother's estate if the estate has other beneficiaries or creditors. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); Brewster v. Wells Fargo Bank, N.A., No. 11-1232-JDB-egb, 2012 WL 4024749, at *2, 2 n.4 (W.D. Tenn. Sept. 12, 2012); Kenney v. Floyd, No. 10-cv-181-PB, 2010 WL 1994896, at *1-2 (D.N.H. May 18, 2010). Kimble has not demonstrated to the court that this mother's estate has no other beneficiaries or creditors. In fact, it appears from the evidence of record that the estate

3

does have another beneficiary.  Plaintiff testified at the July 2, 2013 hearing that he and his brother, Daniel Kimble, are the heirs to his mother's estate.  Report & Recommendation, Dkt. # 27, at 3.  Likewise, evidence documenting Kay Kimble's ownership of three certificates of deposit at F & M Bank show they were payable on death to John B. Kimble and Daniel R. Kimble, her sons.  Dkt. # 26-1.  Because the estate has, at the very least, another beneficiary besides Kimble, he cannot proceed pro se.[2]

In his motion for reconsideration, Kimble also reasserts an argument raised in his objections to the second report and recommendation, concerning the mailbox rule and the timeliness of his complaint.  As the court did not dismiss Kimble's action on statute of limitations grounds, the court need not address this argument as a basis for altering or amending its judgment in this case.  Likewise, Kimble's assertion that he "made very generous offers to the defendants to resolve this matter for less than one hundred thousand dollars and fully believes that any jury of Rockingham County would deliver a much higher amount in restitution for the loss of Kay Kimble" does not provide grounds for relief under Rule 59(e).

### III.

For these reasons, Kimble's second motion for reconsideration is **DENIED**.

An appropriate Order will be entered.

Entered:  December 12, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Nor could he pursue pro se a wrongful death claim, which he asks the court to construe from his pleadings.  Kone v. Wilson, 272 Va. 59, 62-63, 630 S.E.2d 744, 746 (2006) (Virginia wrongful death statute permits a personal representative to maintain an action on behalf of decedent's beneficiaries, not maintain a cause of action personal to himself; thus, personal representative is not entitled to file wrongful death action pro se).